UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR.,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>JERRY BROWN, Governor,<br><br>　　　　Respondent. | NO. CV 14-1793-BRO (AGR)<br><br>ORDER TO SHOW CAUSE |

　　　　On March 11, 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the one-year statute of limitations has expired.

　　　　The court, therefore, orders Petitioner to show cause, on or before ***April 25, 2014***, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

## **PROCEDURAL BACKGROUND**

In June 1986, Petitioner pled guilty to various crimes in Los Angeles County Superior Court. (Petition at 2). Petitioner was sentenced to "50 years with stipulation of half time." (*Id.*) Petitioner did not appeal. (*Id.*) However, Petitioner alleges that the government breached the plea agreement in December 2010. (*Id.* at 2 & Memorandum at 2.)

On December 6, 2013, Petitioner filed a habeas petition in the California Supreme Court, which was denied on February 26, 2014. (*Id.*, Exs. A, B.)

On March 11, 2014, Petitioner filed the instant petition in this court in which he raises three grounds.

# II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The only subdivision relevant here is (d)(1)(D).

### A.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later.

2

*See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *Hasan,* 254 F.3d at 1154 n.3.

At the latest, Petitioner learned of his claim on December 31, 2010, when he alleges he should have been released per the plea agreement. (Petition, Memorandum at 2.)[1] Accordingly, the statute of limitations expired on December 31, 2011. Absent tolling, the petition is over two years late.

**B.    Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Because Petitioner did not file his first state habeas petition until 2013, he is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

Absent equitable tolling, the petition is time-barred.

---

[1] According to a Chronological History attached by Petitioner, when he was first received into the California prison system in 1986, his projected release date was in 2010. (Petition Ex. C at 1.) The latest entry in the log dated June 13, 2013, shows a projected release date in 2024. (*Id.* at 10.)
   The court takes judicial notice of a habeas petition Petitioner filed in the Eastern District of California on April 18, 2011, *Driver v. J. Walker*, Case No. CV 11-1055-JFM (HC). According to the magistrate judge reviewing a motion to dismiss, Petitioner alleged that the California Department of Corrections and Rehabilitation and the California government "since 1998 . . .conspired to falsely issue 73 rules violations . . . that deprived him of 4,745 days of good-time credits." *Id.*, Dkt. No. 25 at 1. The petition was dismissed, and the Ninth Circuit denied a certificate of appealability. *Id.*, Dkt. Nos. 25-27, 36.)

3

### C. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

Petitioner does not indicate he is entitled to equitable tolling. The petition remains time-barred.

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **April 25, 2014**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

4

1 **Petitioner is also advised that if he fails to timely respond to this**
2 **order to show cause, the court will recommend that the petition be**
3 **dismissed with prejudice based on expiration of the one-year statute of**
4 **limitations.**

6 DATED:  March 25, 2014

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge